STAND v. GRIESSMAN.

(Supreme Court, Appellate Term. December 23, 1904.)

1. BENEFIT ASSOCIATIONS—PAYMENT OF DUES—SUFFICIENCY OF EVIDENCE.
   Where the constitution of defendant benefit association provides for suspending a "member being three months in arrears with dues and assessments," and that "all payments of dues and assessments shall be receipted for by stamps," a member's receipt book, showing payment by receipted stamps to within less than two months of his death, is controlling as against the testimony of defendant's secretary that the member was in arrears for more than three months.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Leon Stand against Morris Griessman, as president, etc. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

A. B. Jaworower, for appellant.
Samuel Sturtz, for respondent.

PER CURIAM. This action is for a "funeral benefit" of $200 claimed to be due by reason of the death of one William A. Gunther. The latter's widow assigned the claim to the plaintiff. The defense is that the deceased was in arrears for dues and assessments at the time of his death, and has forfeited his rights as a member of defendant association. The constitution of defendant association provides that "any member being three months in arrears with dues and assessments to this organization shall be declared out of benefit and suspended from all rights and privileges as a member." The secretary of the association testified from some book, which was not produced in evidence, and the nature of which we do not know, that Gunther was in arrears for September, October, November, and December. The assessment became due at the end of each month, and the member had three months there-

from in which to pay them. There was also a "strike assessment" levied on October 30, 1903, which also could be paid in three months. Gunther died on the 26th of January, 1904, so that the time for paying the "strike assessment" had not expired. The constitution provides that "all payments of dues and assessments shall be receipted for by stamps." The receipt book of said Gunther is produced in evidence, and shows receipt by stamps for payments down to the end of October, 1903, so that, according to this documentary proof, Gunther was in arrears only for November and December, 1903, at the time of his death. He could have paid these arrears, as we have seen, at any time within three months from the time they became due, which would have been the last of February for the November dues and the last of March for the December dues. Gunther died on January 26, 1904, as we have said. This documentary proof, which was admitted without objection, is controlling, and the decision was against the weight of evidence.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event.